# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMES DOUGLAS SMITH, ANTWAIN ] <br> MAYS, MARVIN O. STEWART and ] <br> EVERETTE COOKSEY ] <br>     Plaintiffs, ] <br> ] <br> v. ] <br> ] <br> CORRECTIONS CORPORATION OF ] <br> AMERICA, et al. ] <br>     Defendants. ] | No. <br> (No. 3:14-mc-0728) <br> Judge Sharp |

## O R D E R

The plaintiffs are inmates at the Metro Davidson County Detention Facility in Nashville. On May 14, 2014, an order (Docket Entry No. 2) was entered granting them thirty (30) days in which to (1) either pay the full filing fee or submit properly completed applications to proceed in forma pauperis, and (2) for three of the plaintiffs (Smith, Mays and Cooksey) to sign the complaint.

The plaintiffs were forewarned that, in the event they failed to comply with these instructions within the specified period of time, the Court would presume that they were not paupers, assess the filing fee and order its collection from their inmate trust accounts, and dismiss the instant action for want of prosecution.

The thirty day period has expired and the plaintiffs have not yet complied with the instructions of the Court. Accordingly, the Clerk shall file the complaint. Only one plaintiff, i.e., Marvin O. Stewart, has signed the complaint. Therefore, that plaintiff is herewith ASSESSED the civil filing fee of $400.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the

plaintiff''s inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

This action is hereby DISMISSED for failure to comply with the instructions of the Court and for want of prosecution. McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997). The Clerk is directed to send a copy of this order to the Warden of the Metro Davidson County Detention Facility to insure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the final judgment in this case.

It is so ORDERED.

*Kevin H. Sharp*
Kevin H. Sharp
United States District Judge